**In re Brian F. LEYDET, Sr. and Ann Marie Leydet, Debtors.**

**T. Garry LaROSSA, Donna J. Hall, Trustee, Objectors,**

**v.**

**Brian F. LEYDET, Sr., and Ann Marie Leydet, Debtors.**

**Bankruptcy No. 91–25434–T.**

United States Bankruptcy Court, E.D. Virginia, Norfolk Division.

Jan. 15, 1993.

James H. Walsh, Patrick L. Hayden, E. Lynn Lewis, McGuire, Woods, Battle & Boothe, Norfolk, VA, for T. Garry LaRossa.

Donna J. Hall, Virginia Beach, VA, trustee.

Jacqueline A. Hoskins, Virginia Beach, VA, for debtors.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

This case came before the court on January 7 and 8, 1993, for hearing on objections to debtors' claim of exemptions, which were filed by T. Garry LaRossa and the chapter 7 trustee, Donna J. Hall. At the conclusion of the hearing the court ruled from the bench on a number of issues. This opinion supplements the court's bench

ruling that both objections were timely filed.

### Facts

Debtors initially filed their bankruptcy petition on October 1, 1991, under Chapter 11 of the Bankruptcy Code. Along with a lengthy list of exemptions claimed, debtor Brian F. Leydet, Sr., listed his stock in Professional Blueprinters, Inc., a closely held corporation of which he was 85 percent shareholder as exempt and valued the exemption at $1.00. A meeting of creditors was held in the debtors' chapter 11 case on November 5, 1991. Nobody objected to the exemption of the stock within 30 days from this meeting of creditors. Subsequently, the debtors converted their case to one under chapter 7 on July 9, 1992.

Upon conversion, Donna J. Hall was duly appointed chapter 7 trustee and on August 20, 1992, a chapter 7 meeting of creditors was held. On September 17, 1992, Mr. LaRossa filed his objection to the debtors' exemptions. LaRossa particularly objected to Brian Leydet's claimed exemption of the stock of Professional Blueprinters, Inc., in which LaRossa holds a security interest. On September 18, 1992, the trustee filed her objection to the debtors' exemptions. The focus of the trustee's objection was also to the stock of Professional Blueprinters, Inc., which she believed to have substantial value in excess of the $1.00 declared exempt. Both objections were filed within 30 days of the chapter 7 meeting of creditors.

### Discussion and Conclusions of Law

The issue before the court is whether a new time period for objecting to exemptions arises upon the conversion of a case from one under chapter 11 to one under chapter 7.

Bankruptcy Rule 4003(b) states in pertinent part:

> The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the *meeting of creditors* ... or the filing of any amendment to the list or

supplemental schedules unless, within such period, further time is granted by the court.

Bankruptcy Rule 4003(b) (emphasis added).

The trustee and LaRossa ("objectors") argue that since they filed their objections within 30 days of the chapter 7 meeting of creditors their objections are timely. However, the debtors argue that the objections were untimely since the applicable "meeting of creditors" in this converted case is the meeting of creditors held while the case was under chapter 11. It is uncontested that no objections were filed within 30 days of the chapter 11 meeting of creditors.

■■■ In determining the effect of conversion from chapter 11 to chapter 7 one first starts with 11 U.S.C. § 348. Although the filing of a petition under chapter 11 is an order for relief, the conversion of a bankruptcy case from chapter 11 to chapter 7 also constitutes an order for relief. 11 U.S.C. § 348(a). Moreover, a meeting of creditors is required to be held within a reasonable time after an order for relief. 11 U.S.C. § 341(a). Therefore, a new meeting of creditors is required upon conversion from chapter 11 to chapter 7. *F & M Marquette National Bank v. Richards,* 780 F.2d 24, 25 (8th Cir.1985) (citing Bankruptcy Rule 1019(2)). This new meeting of creditors is not a continuation or extension of the meeting of creditors in the previous chapter 11 proceeding, but is a separate and distinct meeting in which a new trustee must be selected. *See* 11 U.S.C. § 348(e); *F & M Marquette National Bank v. Richards,* 780 F.2d 24, 25 (8th Cir.1985). Section 348(a) also provides that sections of the bankruptcy code that are keyed to entry of the order for relief are unaffected by conversion. 2 Lawrence P. King, *Collier on Bankruptcy,* ¶ 348.02 (15th ed.1992). However, the time period fixed for filing objections to exemptions is keyed not to the date of the entry of the order for relief but to the date set for the meeting of creditors. *See* Bankruptcy Rule 4003(b).

Unfortunately, Bankruptcy Rule 4003(b) does not address whether in a converted case the "meeting of creditors" referred to is *only* the initial meeting of creditors, or whether the second meeting of creditors triggers a new 30 day period for objections to exemptions.

Debtors' counsel suggests that Bankruptcy Rule 1019 precludes the possibility of a new time period arising upon conversion. Rule 1019 states in relevant part:

When a chapter 11, ... case has been converted ...:

(2) ... A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt shall commence....

Bankruptcy Rule 1019(2).

Debtors would have the court apply the maxim of statutory construction *expressio unius est exclusio alterius* in interpreting Bankruptcy Rule 1019(2) in that reference to a new time period for filing objections to exemptions is conspicuously absent from Rule 1019(2). They argue that since Rule 1019(2) specifies new time periods for the matters listed, new time periods for any matters not listed are excluded by implication. Accordingly, debtors assert that any interpretation of the code and rules which provides for a new time period to object to exemptions upon conversion would be an unwarranted expansion of the exclusive list provided for in Rule 1019(2).[1]

However, a similar argument can be applied to Bankruptcy Rule 4003(b) in that it would be an unwarranted *restriction* of Rule 4003(b) to interpret the "meeting of creditors" referred to as *only* the first meeting of creditors in a converted case. The objectors in this case have essentially made this argument. They have suggested that the plain meaning of the term "meeting of creditors" means *any* meeting of creditors unless otherwise restricted by the bankruptcy code or rules. This would explain why the drafters did not provide for a new time period for filing objections to exemptions upon conversion in Rule 1019(2). It was unnecessary.[2]

1. The debtors also rely on the case of *In re Halbert*, 146 B.R. 185 (Bankr.W.D.Tex.1992) to support their position. Although the court in *Halbert* found that conversion did not create a new time period to object to exemptions, the facts in *Halbert* are critically different from this case.

In *Halbert* the debtor's bankruptcy case initially began as an involuntary chapter 7, was converted to chapter 11, and was eventually reconverted to chapter 7. Moreover, in *Halbert* the creditor was objecting to the nature of the asset claimed exempt as opposed to the value of the asset claimed exempt as in this case. The court in *Halbert* also found it important that the debtor did not amend his exemption schedule upon conversion, whereas in this case the debtor did amend his exemption schedule upon conversion. Lastly, the court in *Halbert* recognized that its opinion differed from that of another district in the same state. *See* 146 B.R. at 189 n. 2 (citing *In re Wright*, 99 B.R. 339, 340 (Bankr. N.D.Tex.1989)).

The court in *Halbert* was also concerned with an issue raised by the Supreme Court's decision in *Taylor v. Freeland & Kronz*, — U.S. —, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992). Since the debtor did not assign a value to the asset claimed exempt the debtor was arguing that the entire asset became exempt under the reasoning of *Taylor*. In the present case Mr. Leydet has valued the claimed exemption at $1.00, and I have recently ruled that if *Taylor* entitles a debtor to exemption by declaration then a debtor is bound by his declaration and has only exempted $1.00. *In re Grablowsky*, 149 B.R. 402 (Bankr.E.D.Va.1993).

All of this leads the court to conclude that *In re Halbert* is inapplicable to this case, and to the extent *Halbert* can be considered instructive I chose not to follow it.

2. LaRossa has asserted an additional argument for why his objection is timely.

Rule 4003(b) also provides for a thirty day time period to object to exemptions from the date the debtor files "any amendment to the list or supplemental schedules." *See* Bankruptcy Rule 4003(b).

Leydet amended his schedules on July 22, 1992, after his case was converted to chapter 7, and was required by Bankruptcy Rule 1009(a) to give notice of such amendment to the trustee "and to any entity affected thereby." *See* Bankruptcy Rule 1009(a). LaRossa asserts he is an "entity affected thereby," and it is undisputed that he never received notice of the amended schedules. Therefore, LaRossa argues the 30 day time period has not expired. Although I find LaRossa's argument persuasive in this regard, I base my ruling on other grounds.

When faced with two possible interpretations of the bankruptcy code and rules I am inclined the choose the interpretation that makes practical sense. It would be impractical and illogical to follow the debtors' interpretation as it ignores the realities of the bankruptcy process. If the chapter 7 trustee is to have a meaningful opportunity to object to a debtor's exemptions in a converted case, a new time period for objecting to exemptions must arise upon conversion from chapter 11 to chapter 7. This interpretation is consistent with the role intended for chapter 7 trustees in the bankruptcy system. Accordingly, I find that the "meeting of creditors" referred to in Bankruptcy Rule 4003(b) includes the meeting of creditors held when a case is converted from one under chapter 11 to one under chapter 7.

Pursuant to Rule 4003(b) the "trustee and any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors." Since LaRossa and the chapter 7 trustee filed their objections within 30 days of the chapter 7 meeting of creditors, their objections are timely.

A separate order will be entered with respect to the court's bench ruling at the conclusion of the hearing.