**In the MATTER OF John Henry BERGEN, Bernice Brooks Bergen, Debtors.**

**Bankruptcy No. 92–11932–8B7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 4, 1994.

Daniel A. Medeiros, Sarasota, FL, for debtors.

Lauren P. Johnson, Trustee.

Dennis J. LeVine, Tampa, FL, for trustee.

## MEMORANDUM OPINION AND ORDER ON TRUSTEE'S OBJECTION TO EXEMPTIONS

THOMAS E. BAYNES, Jr., Bankruptcy Judge.

THIS CAUSE came on for consideration upon Trustee's Objection to Exemptions. The Court upon considering the Objection of Trustee, together with the record, and legal briefs submitted through counsel for the parties, makes the following findings of fact and conclusions of law, based on this core proceeding:

Debtors filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (Code) on September 8, 1992.

Debtor filed all pertinent schedules including schedule C which is a list of debtor's property claimed as exempt. There were no objections to exemptions filed within the 30 day period permitted by virtue of Fed.R.Bankr.P. 4003(b).

On March 9, 1993, Debtors' case was converted to Chapter 7. Debtors were required to file a full report and accounting, including inventory and any unpaid debts. Debtors filed their accounting with respect to action taken prior to conversion, but did not amend their schedules which were deemed filed in the Chapter 7 case. Fed.R.Bankr.P. 1019(1)(A). The Chapter 7 meeting of creditors was held April 13, 1993, and the Chapter 7 Trustee objected to Debtor's exemptions. Debtors now assert Trustee is not permitted to object to exemptions in the Chapter 7 case because no objection was made to the exemptions in the Chapter 11 case. The exemptions have not changed as a result of conversion to Chapter 7, and the creditors had an opportunity to object in the prior Chapter 11 case.

Generally, objections to Exemptions are addressed pursuant to Fed.R.Bankr.P. 4003(b). The Rule provides: the trustee or any creditor has 30 days after the first scheduled meeting of creditors to object to the debtor's claim of exemptions, or within 30 days after filing an amendment to the schedule of exemptions. Debtor contends where no objections are filed, as in the instant Chapter 11 case, the exemptions are allowed even if there is clearly no statutory right to the claimed exemption. _Taylor v. Freeland & Kronz_, —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

Upon conversion from Chapter 11 or Chapter 13, to a Chapter 7 case 11 U.S.C. § 348 causes certain changes to occur. Although an order of conversion constitutes a Chapter 7 "order for relief," the dates of the original petition, and order for relief under Chapter 11, continue in the main case to control as the filing date for the case.[1] There are, however, certain carve-out exceptions to the filing date that are not germane to the instant case.[2]

■ Since the conversion order is an order for relief, a new meeting of creditors is required upon conversion from Chapter 11 to Chapter 7. Fed.R.Bankr.P. 2003; _See F & M Marquette Nat'l Bank v. Richards_, 780 F.2d 24 (8th Cir.1985). "This meeting of creditors is not a continuation or an extension of the meeting of creditors in the previous Chapter 11 proceeding. Rather, it is a separate and distinct meeting...." _Id._ at 25.

■ The services of the debtor in possession or Chapter 11 trustee are terminated upon conversion. 11 U.S.C. § 348(e). All non-exempt property must be surrendered to the interim trustee. Fed.R.Bankr.P. 1019(4); _see In re Daniels_, 79 B.R. 88 (Bankr.S.D.Fla. 1987) (wages not claimed as exempt upon conversion from Chapter 13 are property of the estate).

Courts are split on whether the original filing date or the date of conversion controls when determining the property of the estate. _See Lindberg v. Lindberg (In re Lindberg)_, 735 F.2d 1087, 1090 (8th Cir.1984) (and cases cited therein); _In re Lepper_, 58 B.R. 896 (Bankr.D.Md.1986); _Arkison v. Swift (In re Swift)_, 81 B.R. 621 (Bankr.W.D.Wa.1987); _In re Gorski_, 85 B.R. 155 (Bankr.M.D.Fla.1988); _In re Wright_, 99 B.R. 339 (Bankr.N.D.Tex. 1989) (Debtor's exemptions are determined as of date of original Chapter 11 filing, rather than date bankruptcy case is converted to Chapter 7). This Court has held the original filing date controls with respect to ascertaining property of the estate. _Gorski_, 85 B.R. at 156.

1. 11 U.S.C. § 348(a). Effect of Conversion

(a) Conversion of a case from a case under one chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

2. Under 11 U.S.C. § 348(b) "order for relief" is substituted with conversion in 11 U.S.C. §§ 701(a), 727(a)(10), 727(b), 728(a), 728(b), 1102(a), 1110(a)(1), 1121(c), 1141(d)(4), 1146(a) and 1146(b), and under subsection (c) notice and executory contracts and unexpired leases in a converted case are as if the conversion order were the order for relief.

Counsel for both parties rely on opinions that stand for their respective propositions. In *In re Halbert*, 146 B.R. 185 (Bankr. W.D.Tex.1992), the Court held there is no second chance for objection to exemptions previously claimed in Chapter 11, absent an amendment to the schedules of a debtor's exemptions. *Id.* at 188. However, Debtors and Trustee accurately point-out that *Halbert* is not identical to the instant case. The rationale in *Halbert* was predicated on a case having begun through involuntary Chapter 7, converted by the debtor to Chapter 11, only to be subsequently converted to Chapter 7. This Court finds the fact specific scenario in *Halbert* to be a distinguishing characteristic and should not be dispositive to the outcome in the instant case.

■ In *Leydet v. Leydet (In re Leydet)*, 150 B.R. 641 (Bankr.E.D.Va.1993), the Court addressed the issue presented in the instant case. However, the Court in *Leydet*, in admitting there was no authority for its decision, relied upon "practical sense" and not any defined rule of law. The court concluded there is a period of time in which a creditor or the trustee may make objection after a converted Chapter 7 creditor's meeting. *Id.* at 644. Debtors suggest the lack of authority espoused in *Leydet* should be reason for this Court to not rely upon the case as authority. However, this Court recognizes the merit in the *Leydet* decision and is compelled to analyze that Court's rationale.

A debtor in Chapter 11, 12, or 13, is vested with some control over the treatment of creditors by virtue of the plan of reorganization. In Chapter 11, without a trustee to object to the exemptions the debtor claims, objections must be made by creditors. In fact, the exemptions may be of little importance to a creditor in the earlier stages of Chapter 11 case, especially if it is receiving an acceptable distribution under the plan. *See* 11 U.S.C. § 1129(a)(7)(A)(ii).[3] Only where there is a suspicion a Chapter 11 plan may not meet the best interests of the creditors test of 11

U.S.C. § 1129(a)(7) would creditors be concerned over the individual debtors exemptions. Even if there was to be a successful objection to exemptions in a Chapter 11, 12, or 13, its effect of improving a creditor's position may be slight. Distribution is dependant on the plan as confirmed, which may not have involved property claimed as exempt, except as to the amount to be distributed.

In Chapter 7, the debtor is not as integrally involved in the affairs of the estate. In fact, the trustee is responsible for collecting the assets and distributing to creditors their respective share. It is highly probable a creditor would be more aggressive in a Chapter 7 and scrutinize a debtors exemptions because the exemptions in a Chapter 7 case have a direct short-term impact on distribution. Should a creditor successfully object to an exemption, there would be an increased share distributed to all creditors. When exemptions are claimed in a Chapter 11 case, a successful objection generally does not create an increased share to the creditor objecting.

In the context of objections to exemptions and conversion to Chapter 7, there does not appear to be cause to distinguish the right to object from Chapter 11, 12 or 13 cases. In an unpublished opinion, Chief Judge Alexander Paskay has recently held there is an additional 30 days to object after a second meeting of creditors as a result of conversion. *In re Jenkins*, 162 B.R. 579 (Bankr. M.D.Fla.1993). In *Jenkins*, the Court recognized in a Chapter 13 case "the debtor's right to exemptions is only relevant in determining whether ... the debtor's Plan meets the requirements of [11 U.S.C.] § 1325(a)(4), which requires that creditors receive more under the Plan proposed by the debtor than they would receive under Chapter 7." The same holds true in a Chapter 11 case, where the exemptions are of not immediate importance to creditors, and may be only relevant in the context of best interests of the credi-

---

3. It should be noted that only recently has the controversy been resolved as to an individual's right to file a Chapter 11 case. *Toibb v. Radloff*, 501 U.S. 157, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). In Chapter 13 cases, confirmation may arise so quickly that the concern over the best interest of creditors test arises almost simultaneously with any time to object to exemptions. In Chapter 11, 12, and 13 case, clearly, the focus is not upon exemptions at the first instances. Even were they are considered, objections are often considered at confirmation.

tors under 11 U.S.C. § 1129(a)(7). Further, "the debtor's right to exemptions claimed is academic" in a Chapter 13 case as well as in Chapter 11 case. *Id.* at 3.

In a converted case, there may be new creditors as a result of the administration of a Chapter 11, 12, or 13 case. A creditor may sell or lease to a debtor in possession equipment during the administration of the case. Upon conversion, the equipment is returned to the creditor creating a new claim. These pre-conversion claims could even be unsecured. 11 U.S.C. § 503. This reasoning lends itself to the inequitable result of any post Chapter 11, 12, or 13 creditor never having a chance to object to the exemptions of a debtor.[4]

This Court recognizes the posture creditors would be in should the Debtors' argument be adopted. A debtor could file for relief under Chapter 11, anticipating very little scrutiny of exemptions, acquire new property and creditors, yet disenfranchise these new creditors from objecting to exemptions claimed if the case is converted to a Chapter 7. Such results run counter to the Bankruptcy Code as suggested by *Leydet.*

To restrict the interpretation of Fed. R.Bankr.P. 4003(b) to only the first meeting of creditors is a feat this Court is more than reluctant to perform.[5] If the rules meant the initial meeting of creditors was the only time an objection could be made to exemptions, they would have been drafted consistently.[6] The fact there is no mention that objections only relate to the first meeting of creditors in the first case, is consistent with no limit in the rules of an additional 30 days in which to object to exemptions where a case is converted. There is nothing in the Bankruptcy Code or Rules which forecloses objections to

exemptions subsequent to a meeting of creditors in a converted case.

For the above reasons, this Court would permit a trustee to file objections to the Debtors' claim of exemptions if made within 30 days after the meeting of creditors in the converted Chapter 7.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Trustee's Objection to Exemptions be, and is hereby, sustained.

DONE AND ORDERED.

---

4. Under 11 U.S.C. § 348(d), "a claim against the estate or the debtor that arises after the order for relief but before conversion in a case ..., other than specified in section 503(b) ... shall be treated for all purposes as if such claim had arisen immediately before the date of the filing of the petition." There is a further argument that the trustee is new to the converted case and should not be precluded from objecting to exemptions because creditors in the Chapter 11 did not object.

5. Fed.R.Bankr.P. 4003(b) Objections to Claim of Exemptions. The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list of supplemental schedules unless, within such period, further time is granted by the court....

6. Fed.R.Bankr.P. 2003(a) Date and Place. ... [T]he United States trustee shall call a meeting of creditors to be held not less than 20 nor more than 40 days after the order for relief.