**Jerry WEISSMAN, et al., Appellants,**

v.

**Stephany S. CARR, Appellee.**

**In re Jerry WEISSMAN and Janice Weissman, Debtors.**

No. 94–720–CIV–T–17.
Bankruptcy No. 93–1905–9P7.

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 19, 1994.

Daniel Alan Medeiros, Sarasota, FL, for appellants.

Dennis Jay Levine, Cramer, Haber, McDonald & LeVine, P.A., Tampa, FL, Stephany S. Carr, Trustee, Naples, FL, for appellee.

## ORDER

KOVACHEVICH, District Judge.

This case is before the Court on an appeal from the bankruptcy court's order sustaining the Chapter 7 Trustee's objections to Claims of Exemptions filed by the Debtors, the Weissmans. The Trustee bases her objections on the proposition that the total value of the personal property claimed as exempt exceeds the maximum allowed by Article X, § 4(2) of the Florida Constitution. The Weissmans assert that the Trustee failed to timely object to these claimed exemptions, and therefore, any objection was waived, regardless of the fact that the exemption is otherwise in violation of a statute or any other law. *Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

The narrow issue presented for this Court's review is whether, when a bankruptcy proceeding is converted from a Chapter 13 to a Chapter 7 proceeding, the Chapter 7 Trustee may object to property the Debtor claimed as exempt during the original action. The courts which have addressed this issue are in conflict, and this jurisdiction has yet to definitively answer this question. Finding compelling policy reasons to do so, this Court answers in the affirmative.

**STANDARD OF REVIEW**

This Court functions as an appellate court in reviewing the bankruptcy court's decision. *See* 28 U.S.C. § 158(a), (c). Regarding questions of law and the legal significance afforded to the facts, the standard of review is *de novo.* No facts are at issue.

**FACTS**

On February 22, 1993, the Weissmans voluntarily filed a Chapter 13 petition for relief. By June 4, 1993, the Chapter 13 Trustee held a § 341 meeting of the creditors.[1] Neither

---

1. Section 341 provides, in pertinent part: "Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a).

the Chapter 13 Trustee nor the creditors filed any objections within thirty (30) days of the conclusion of the Chapter 13 creditor's meeting.

Following a subsequent dismissal of the Chapter 13 action, and pursuant to a court order dated November 8, 1993, the Weissmans converted their action to a Chapter 7 proceeding, after which the Chapter 7 Trustee conducted a creditors' meeting. *See* 11 U.S.C. § 341. Within thirty (30) days of this creditors' meeting, the Chapter 7 Trustee filed an objection to the claimed exemptions, asserting that the claimed personal property exceeded the constitutional limit by $19,-200.00. *See* Fla. Const. art. x, § 4. The Weissmans responded that the Chapter 7 Trustee waived any objection to the claimed exemptions in Chapter 7 since the Trustee failed to file an objection within thirty (30) days following the original creditors' meeting held in the Chapter 13 case. The bankruptcy judge ruled that the Trustee's objection was timely and sustained the Trustee's objection to the claimed exemptions. The Weissmans now appeal the bankruptcy court's order.

## DISCUSSION

While the institution of proceedings under Chapter 13 constitutes one order for relief, the conversion to Chapter 7 *also* constitutes an order for relief. 11 U.S.C. § 348(a); *F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir.1985). The Bankruptcy Code requires that a meeting of the creditors be held within a reasonable time after an order for relief, 11 U.S.C. 341(a)[2]. For this reason, a new § 341 creditors' meeting is held after conversion from Chapter 13 to Chapter 7. *F & M Marquette Nat'l Bank*, 780 F.2d at 25 (citing Bankruptcy Rule 1019(2)). This second meeting of the creditors is not strictly related to the original § 341 meeting, but rather, is a separate and distinct meeting during which the creditors select a new trustee. *See* 11 U.S.C. § 348(e). Section 348 also provides that conversion fails to affect those parts of the Code which

are triggered by an order for relief. 11 U.S.C. § 348(a).[3] However, the date set for the creditors' meeting, *not* the date of an order for relief, triggers the time period for filing objections. *See* Bankruptcy Rule 4003(b).

Bankruptcy Rule 4003(b) states: "The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of the creditors . . . or the filing of any amendment to the list or supplemental schedules, unless within such period, further time is granted by the court." 11 U.S.C. 4003(b). Unfortunately, Rule 4003(b) fails to distinguish *which* § 341 meeting triggers the time period for objections in the case of conversion where two distinct meetings are held. The facts of the instant case—presenting the narrow issue of which § 341 creditors' meeting, pre- or post-conversion, activates the thirty (30) day time limit provided for objections to claimed exemptions—expose the difficulty in literally applying this rule.

Chapter 13 assists individuals with adjusting their debts by funding payment with future income. In this perspective, the debtor's right to exemptions has relevancy only in the routine determination of whether the debtor's plan meets the Code requirement that creditors will receive more under the Chapter 13 plan than they might receive under Chapter 7.[4] Seldom do creditors scrutinize exemptions claimed by the debtor in a Chapter 13 action for this reason. In contrast, a Chapter 7 case proceeds with any property which the debtor fails to claim as exempt remaining a part of the debtor's estate and, thus, becoming subject to liquidation. Unlike Chapter 13 proceedings, the question of exemptions is of tantamount significance to all parties in Chapter 7.

To construe Rule 4003(b) to mean that the original § 341 meeting triggers the thirty (30) day time frame in which to file objections would deprive Chapter 7 trustees of the opportunity to challenge the debtor's claims

---

**2.** Bankruptcy Rule 2003 further defines this time frame as between twenty (20) to forty (40) days after the order for relief. *See* Bankruptcy Rule 2003(a).

**3.** *See* Lawrence P. King, *Collier on Bankruptcy* para. 348.02 (15th ed. 1992).

**4.** *See* 11 U.S.C. § 1325(a)(4).

of exempted property.[5] This interpretation would allow debtors to immunize certain property merely because the Chapter 13 trustee failed to file a timely objection following the original § 341 meeting.[6] With the procedural advantage afforded by this narrow interpretation of Rule 4003(b), debtors could routinely file under Chapter 13, list the bare minimum of property on Schedule C to qualify for Chapter 13 status, and once the time limit for objections expires, claim the same exemptions after converting to Chapter 7, thereby protecting certain assets even if the law clearly would otherwise prohibit such claims. Certainly, when considering the policies underlying the Bankruptcy Code, this cannot be the intent of the legislators in devising distinct plans and schedules for debt payment.[7]

While Bankruptcy Rule 1019 is silent regarding the time limits for objections when a new § 341 meeting is held following conversion to Chapter 7,[8] nothing in either the Bankruptcy Code or the Rules prohibits objections filed after the post-conversion § 341 meeting.[9] In fact, the Code *provides* a period to file objections following a § 341 meeting. Since the Code fails to restrict which "meeting of the creditors" triggers the time period for objections, to hold that only the first § 341 meeting in a converted case prompts the period would unnecessarily restrict Rule 4003(b) and the Code as a whole. *See In re Leydet,* 150 B.R. 641, 643 (Bankr. E.D.Va.1993). For these reasons, the only reasonable construction of § 4003(b) is to allow the language to convey its plain meaning and permit the Chapter 7 Trustee an opportunity to object to the claimed exemptions, provided that the Trustee files the objection within thirty (30) days after the § 341 meeting following conversion.[10] Accordingly, it is

**ORDERED** that the Order of the Bankruptcy Court be **AFFIRMED** and the cause of this action be **DISMISSED**.

---

5. Because the Chapter 7 Trustee in the instant case was elected *after* conversion to Chapter 7, she missed any opportunity as a trustee to object during the time limit following the Chapter 13 § 341 meeting.

6. *See In re Bergen,* 163 B.R. 377, 380 n. 4 (Bankr. M.D.Fla.1994) (citing 11 U.S.C. § 348(d) and noting scenario as an "inequitable result").

7. Indeed, if the trustee has no right to object after conversion, why would the Code then require the Chapter 7 debtor to file a new claim of exemptions after conversion?

8. In the instant case, the Weissmans essentially argue for the application of *expressio unius est exclusio alterius* in construing Bankruptcy Rule 1019, which omits reference to a new time period for objections following conversion. However, in considering the Code as a whole, specifically the plain meaning of Rule 4003(b) which triggers the time period for objections, explicit inclusion of a new time period in Rule 1019 seems unnecessary. *See In re Leydet,* 150 B.R. 641, 643 (Bankr.E.D.Va.1993).

9. *See In re Bergen,* 163 B.R. at 380 ("The fact there is no mention that objections only relate to the first meeting of creditors ... is consistent with no limit in the rules of an additional 30 days in which to object to exemptions where a case is converted.").

10. Compare *In re Jenkins,* 162 B.R. 579 (Bankr. M.D.Fla.1993), where the court reasoned that the only logical construction of the Bankruptcy Code permits the trustee to file any objections within the thirty (30) days following conversion from Chapter 13 to Chapter 7, with *In re Halbert,* 146 B.R. 185 (Bankr.W.D.Tex.1992) where the court held that time limit for objections to exemptions runs from the original order for relief. The case in *Halbert* was an involuntary Chapter 7 case converted to a Chapter 11 case and then reconverted to Chapter 7. Therefore, the result of holding that the time period in which to file objections is triggered by the original § 341 meeting held under the Chapter 7 proceeding rather than the second Chapter 7 proceeding would have quite different implications if imposed in the instant case. Additionally, the creditor in *Halbert* objected to the nature of the property claimed as exempt, whereas the Trustee in the instant case objects to the value of the claimed exemption.