**In re Sally A. MIMS, Debtor.**

No. 98–54698.

United States Bankruptcy Court,
D. New Jersey.

May 10, 2000.

William H. Oliver, Jr., Asbury Park, NJ, for Debtor.

Barry W. Frost, Teich, Groh, Frost & Zindler, Trenton, NJ, for Trustee.

## MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on the trustee's motions objecting to exemptions and for an extension of time to file an objection to discharge. The court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 151, and 157(a). This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and 157(b)(2)(J). This shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

On November 13, 1998, the debtor, Sally Mims, filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (hereinafter "the Bankruptcy Code" or "the Code"). Among the debtor's exemptions claimed in the originally filed Schedule C were "Harassment Law Suit" and "Workers Compensation Case." These related cases were based on alleged sexual harassment of the debtor. *See* Cert. of Stafford Thompson, Esq. filed 3/1/99. A settlement agreement was reached on or about October 26, 1998 to settle the harassment lawsuit for $105,000 and the workers compensation case for $25,000. *See id.* On Schedules B and C accompanying her bankruptcy petition filed two and a half weeks later, however, the debtor listed the value of these two assets as "Unknown." On November 14, 1998, the day after her bankruptcy petition was filed, the debtor signed a Settlement Agreement and General Release confirming the settlements. *See* Cert. of Theodore Liscinski, Jr., Esq. in Support of Motion Requiring Turnover of Assets filed 2/2/99, Exhibit A. The debtor's attorney in the harassment suit disbursed the proceeds of the settlement to and on behalf of the debtor on December 1, 1998. He has certified that he was totally unaware of the bankruptcy case at that time. *See* Thompson cert., *supra.*

On December 9, 1998, Schedule C— Property Claimed as Exempt was amended. The amended Schedule C claimed exemptions for the harassment suit and workers compensation case as follows:

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Market Value of Property Without Deducting Exemptions |
|---|---|---|---|
| Harassment Law Suit | 11 USC 522(d)(5) | $ 750.00 | Unknown |
| | 11 USC 522(d)(5) | $ 8,075.00 | Unknown |
| | 11 USC 522(d)(10)(C) | 100% | Unknown |
| | 11 USC 522(d)(11)(E) | 100% | Unknown |
| | 11 USC 522(d)(11)(D) | $16,150.00 | Unknown |
| Workers Compensation Case | 11 USC 522(d)(10)(C) | 100% | Unknown |
| | 11 USC 522(d)(11)(E) | 100% | Unknown |

In light of the agreement to settle those cases for $105,000 and $25,000, the statements by the debtor on Schedule B, the original Schedule C and the amended Schedule C as to the value of the lawsuits were false. The debtor's bankruptcy attorney has certified that he didn't learn of the settlement until the meeting of creditors under Code section 341 on December 22, 1998. *See* Cert. of William Oliver, Esq. in Support of Motion for Reconsideration filed 2/19/99. The debtor's bankruptcy attorney has further certified that he also learned for the first time at the meeting of creditors that the debtor had neglected to list as creditors her sister Cindy Mims, who "reviews all of the debtor's decisions," and the debtor's therapist, Dr. Nancy Sinet. *Id.* On February 22, 1999 the debtor filed an amendment to Schedule F listing Cindy Mims as holding a claim of $150,000 for a loan and Dr. Nancy Sinet as holding a claim of $17,000 for medical bills.

The debtor alleges that Theodore Liscinski, who was trustee in the original chapter 7 case, was informed of the settlement amounts at the meeting of creditors on December 22, 1998. Transcript of 3/13/00 at 24. The debtor also alleges that trustee Liscinski was sent a copy of the settlement agreement on January 15, 1999. Oliver cert., *supra,* at ¶ 14. On January 6,

1999 trustee Liscinski filed a timely motion objecting to an exemption claimed in the proceeds of the harassment lawsuit. The motion only objected, however, to the objection claimed under Code section 522(d)(11)(D) for $16,150. The other four scheduled exemptions in the proceeds of the harassment lawsuit were not challenged. That motion was uncontested and it was granted by order of February 9, 1999.

Trustee Liscinski filed a separate motion on February 2, 1999 for turnover of the settlement proceeds, returnable March 8, 1999. On February 19, 1999, the debtor filed a motion for reconsideration of the order denying the exemption under Code section 522(d)(11)(D). Before those motions were heard, the debtor received a discharge by order of March 1, 1999. On March 1, 1999, the debtor also filed an application to convert the case to chapter 13, and an order converting the case was issued on the same date. The conversion, of course, terminated the appointment of the chapter 7 trustee.

On April 13, 1999, the court denied the chapter 7 trustee's motion for turnover of the lawsuit proceeds on the grounds that the case had been converted to chapter 13. The court granted a crossmotion by Stafford Thompson, Esq. for allowance of his fees and expenses for the harassment lawsuit. The court also denied the debtor's motion for reconsideration of the order denying the debtor's exemption under Code section 522(d)(11)(D) on the grounds that there was no proof that the debtor had sustained personal bodily injury within the meaning of that exemption. Although the debtor's motion for reconsideration had raised arguments in support of the validity of the other claimed exemptions in the proceeds of the harassment lawsuit, the court declined to consider those arguments on the grounds that the chapter 7 trustee had not challenged any claimed exemption except for section 522(d)(11)(D).

On March 31, 1999, the debtor filed a chapter 13 plan proposing to pay unsecured creditors a total of $4,750 over 54 months. Total scheduled unsecured claims including those added by amendment are $241,869. The plan stated that the debtor intended to invest the proceeds of the lawsuits to fund that payment to creditors and to pay the debtor's living expenses, which were stated to be approximately $1,802 per month more than her income in Schedule I and J. Schedule I and J show total monthly income of $600 from social security disability insurance and total monthly expenses of $2,402. On August 30, 1999, Robert M. Wood, the chapter 13 trustee, filed an objection to confirmation of this plan on two grounds: first, that the debtor had not proposed the plan in good faith because she is unemployed and does not have sufficient income to fund the plan. And second, that the debtor's claimed exemptions of the proceeds of the harassment lawsuit under Code sections 522(d)(10)(C), 522(d)(11)(D) and 522(d)(11)(E) were improper. At the calendar call for the hearing on confirmation of the plan on September 22, 1999, the debtor voluntarily converted the case back to chapter 7 without explanation. The court, therefore, did not rule on the chapter 13 trustee's objections because it was unnecessary to do so.

An order was entered on September 24, 1999 converting the case back to chapter 7. Andrea Dobin was appointed as the new chapter 7 trustee. A notice of the conversion of the case to chapter 7 was served by the court on all parties on September 30, 1999. The notice scheduled a new meeting of creditors for October 27, 1999. This notice, like the original notice of the commencement of the case and the notice of the conversion to chapter 13, stated that any objection to the debtor's exemptions must be filed not later than 30 days after the conclusion of the meeting of creditors. The new notice also stated that any complaint objecting to the debtor's discharge had to be filed by December 27, 1999. The meeting of creditors in the reconverted chapter 7 case was held on November

30, 1999. On December 20, 1999, trustee Dobin filed a motion to extend time to object to discharge and a motion to compel turnover of the proceeds of the harassment lawsuit. On December 30, 1999, trustee Dobin filed a motion objecting to the debtor's claimed exemptions of the proceeds of the harassment lawsuit under Code section 522(d)(10)(C) and 522(d)(11)(E). Trustee Dobin also objects to the claimed exemptions for the proceeds of the workers compensation case under Code sections 522(d)(10)(C) and 522(d)(11)(E).

The motion for turnover of the lawsuit proceeds and for an accounting of the use of those proceeds was uncontested and was granted by order of January 5, 2000. As of March 13, 2000 the debtor had not complied with that order. The debtor did file opposition to trustee Dobin's motions objecting to exemptions and to extend time to object to discharge. The motion objecting to exemptions argues that there is no evidence to support the debtor's entitlement to the subject exemptions. The motion to extend time to object to discharge states an intention to file such an objection if the debtor does not turn over any nonexempt lawsuit proceeds. The debtor filed opposition to the motion objecting to exemptions on the ground that because the time period for objecting to exemptions in the original chapter 7 phase of the case expired without any objections having been filed to the subject exemptions, the new chapter 7 trustee has no ability to raise new objections now. The debtor also argues that the exemptions are valid based on the facts as to the harm which was the subject of the lawsuits and the debtor's needs. The debtor also opposes the motion to extend time to object to discharge on the same grounds. Trustee Dobin replies that a new period to object to exemptions arises upon the reconversion to chapter 7 and that the exemptions are not valid on the facts and law as to those exemptions. After a hearing on March 13, 2000, the court reserved decision.

## CONCLUSIONS OF LAW

### I.

The first issue to be addressed is whether the conversion of the case gave rise to a new period for objection to exemptions.

Code section 301 provides that the filing of a voluntary petition for relief under a chapter of the Bankruptcy Code constitutes an order for relief under such chapter. Federal Rule of Bankruptcy Procedure 2003(a) provides that in a chapter 7 case a meeting of creditors shall be held between 20 and 40 days after the order for relief, and in a chapter 13 case such meeting shall be held between 20 and 50 days after the order for relief. Federal Rule of Bankruptcy Procedure 4003(b) provides that any objection to a debtor's exemptions may be filed within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a), unless, within such period, further time is granted by the court. Federal Rule of Bankruptcy Procedure 9006(b)(3) limits the court's discretion in enlarging the time for action under Rule 4003(b) to the circumstances stated therein.

None of those authorities explicitly addresses the significance of the conversion of a case. Code section 348(a) provides, however, that conversion of a case constitutes an order for relief under the chapter to which the case is converted. Therefore, upon conversion of a case a new meeting of creditors is scheduled pursuant to Rule 2003(a), which requires such a meeting after the order for relief. The conversion of the case results in issuance by the clerk's office of a new "Notice of Commencement of Case under the Bankruptcy Code, Meeting of Creditors and Fixing of Dates." This notice is Official Bankruptcy Form 9, a national form required by Federal Rule of Bankruptcy Procedure 9009, which provides that the Official Forms "shall be observed and used with alternations as may be appropriate." There is no separate official form of notice of conver-

sion of a case, so in this district we use Form 9 with a notation that the case has been converted from one chapter to another and the date thereof. All of the alternative national versions of Form 9 for individual debtors state that the deadline for objection to exemptions is 30 days after the conclusion of the meeting of creditors, and each of the three Form 9 notices sent in this case so stated.

It appears to follow from these authorities that because (1) conversion of a case is an order for relief under the new chapter pursuant to Code section 348(a), (2) a meeting of creditors must be held after an order for relief pursuant to Rule 2003(a), and (3) a party in interest may object to exemptions within 30 days after the conclusion of the meeting of creditors pursuant to Rule 4003(b), conversion of a case gives rise to another opportunity to object to exemptions. The issue is complicated, however, by Federal Rule of Bankruptcy Procedure 1019, which states in pertinent part:

> When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:
>
> (2) New Filing periods. A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

Rule 1019 is silent as to the effect of conversion or reconversion to chapter 7 on the time to object to exemptions under Rule 4003(b). Several courts have used this silence as an argument that a new period for objection to exemptions does not arise upon conversion to chapter 7. *See In re Brown,* 178 B.R. 722, 728 (Bankr. E.D.Tenn.1995); *In re Ferretti,* 230 B.R. 883, 891 (Bankr.S.D.Fla.1999). This is an attempt to apply the principle of *expressio unius est exclusio alterius,* which is a canon of construction holding that to express or include one thing implies the exclusion of the other. *See* Black's Law Dictionary 602 (7th ed.1999). This canon is not helpful here, however. Rule 1019(2) provides that in a reconverted case, no new time period for filing claims or complaints objecting to discharge or dischargeability shall commence if such period expired in the original chapter 7 case without such filing. It can be argued with at least as much logical force from the absence of any prohibition of new objections to exemptions in that portion of Rule 1019(2) that a new time period for such objections does commence upon reconversion. Moreover, the weight to be given to *expressio unius est exclusio alterius* has been questioned. *See id.* (citing Reed Dickerson, The Interpretation and Application of Statutes, 234–35 (1975) and Richard A. Posner, The Federal Courts: Crisis and Reform 282 (1985)).

No reported decision of the Supreme Court or the Court of Appeals for the Third Circuit addresses the effect of conversion on the time to object to exemptions, so the doctrine of *stare decisis* does not dictate the result here. The cases from other courts are split on the issue. Cases holding that conversion commences a new period for objection to exemptions include *In re Weissman,* 173 B.R. 235 (M.D.Fla.1994), *In re Winchester,* 46 B.R. 492 (9th Cir. BAP 1984), and *In re Bergen,* 163 B.R. 377 (Bankr.M.D.Fla.1994). Cases holding that conversion does not commence a new period for objection to exemptions include *Brown, supra,* and *Ferretti, supra, In re Halbert,* 146 B.R. 185 (Bankr.W.D.Tex.1992), *In re Beshirs,* 236 B.R. 42 (Bankr.D.Kan.1999), and *In re Page,* 240 B.R. 548 (Bankr.W.D.Mich.

1999). This court considers it unnecessary to address the various arguments in those cases as to how bankruptcy policies are better served on this issue, for a simple reason. The cases which hold that a new period for objection to exemptions does not commence upon conversion acknowledge that under Code section 348(a) and Rule 2003(a) a new meeting of creditors must be held upon conversion. They further acknowledge that Rule 4003(b) provides that an objection to exemptions may be filed within 30 days after the conclusion of the meeting of creditors. Those cases basically propose, however, to add an exception to Rule 4003(b) which the rule does not contain, *i.e.*, that Rule 4003(b) does not apply in the event the meeting of creditors is being held in a converted case. This court does not consider the arguments in favor of denying a new opportunity to object to exemptions upon conversion to be so compelling as to require judicial addition of an exception to Rule 4003(b) which the rule does not contain. If the policy reasons in favor of denying successive opportunities to object to exemptions upon case conversion are so great, let the Judicial Conference and Congress amend Rule 4003(b) or Rule 1019(2) to explicitly address the issue. Until then, however, the court agrees with the following statement from *Weissman*:

> Since the Code fails to restrict which "meeting of the creditors" triggers the time period for objections, to hold that only the first § 341 meeting in a converted case prompts the period would unnecessarily restrict Rule 4003(b) and the Code as a whole. For these reasons, the only reasonable construction of § 4003(b) is to allow the language to convey its plain meaning and permit the Chapter 7 Trustee an opportunity to object to the claimed exemptions, provided that the trustee files the objection within thirty (30) days after the § 341 meeting following conversion. (citations omitted)

*Weissman*, 173 B.R. at 237.

For these reasons, the court holds that the new trustee's objections to the debtor's exemptions are permitted under Rule 4003(b).

## II.

The next issue is the trustee's motion to extend time to object to the debtor's discharge. As previously noted, the trustee stated that she wishes to preserve her right to object to discharge in the event that the debtor fails to turn over any non-exempt property. The debtor objects to that motion on the ground that the new trustee has no further right to object to exemptions. In section I of this opinion, the court held that the new trustee has the right to object to exemptions. That does not, however, require that this motion must be granted, for these reasons.

First of all, the debtor received a discharge in the original chapter 7 case on March 1, 1999. Although the debtor also filed her application to convert the case to chapter 13 on March 1, 1999 and the order of conversion to chapter 13 was entered on the same date, the order converting the case does not state that any prior discharge is vacated or revoked, and Code section 348, "Effect of Conversion," does not explicitly address the effect of conversion on a discharge previously granted under another chapter.

Second, Rule 1019(2) states that if the time to object to discharge in a case which commenced in chapter 7 expires before the case is converted to chapter 11, 12, or 13, and the case is then reconverted to chapter 7, a new time period to object to discharge does not commence in the reconversion to chapter 7. In this case, the time to object to discharge in the original chapter 7 case expired on February 20, 1999, which is why the court issued the discharge on March 1, 1999.

Third, Code section 727(d)(3) provides that if a debtor fails to obey an order of the court, the trustee may request a revocation of a discharge.

Because the court has raised these issues *sua sponte* regarding the trustee's motion to extend time to object to discharge, and the answers aren't necessarily self-evident, the court will require the parties to submit legal argument regarding these issues.

## CONCLUSION

The court holds that the new chapter 7 trustee has the right to object to the debtor's exemptions. Further proceedings must now be conducted to determine the validity of those exemptions. Since the merits of the exemptions have not been adjudicated, the court construes the portion of the order of January 5, 2000 requiring turnover of the proceeds of the harassment lawsuit as merely substituting the trustee for the debtor as the stakeholder of such proceeds pending adjudication as to the merits of the exemptions.

The court further holds that the objection raised by the debtor to the trustee's motion to extend time to object to exemptions is without merit. Further proceedings must be conducted, however as to the issues raised by the court *sua sponte* in section II of this opinion.

The attorney for the trustee shall arrange a phone conference within 15 days to schedule further proceedings.