**In re Arnold C. LANG, Debtor.**

**No. 01–26218–BKC–RBR.**

United States Bankruptcy Court, S.D. Florida.

April 25, 2002.

---

Brian S. Behar, Behar, Gutt & Glazer, P.A., Aventura, FL, for Arnold Lang.

John Walsh, Dzikowski & Walsh, P.A., Ft. Lauderdale, FL, for Chapter 7 Trustee Marika Tolz.

Marika Tolz, Hollywood, FL, trustee.

**ORDER DENYING DEBTOR'S MOTION TO STRIKE TRUSTEE'S OBJECTION TO THE DEBTOR'S CLAIM OF EXEMPT PROPERTY**

RAYMOND B. RAY, Bankruptcy Judge.

THIS MATTER came before the Court for hearing on March 1, 2002, on the Debtor's Motion to Strike Trustee's Objection to the Debtor's Claim of Exempt Property as Being Untimely Filed. The Court, having reviewed the case file and considered the argument of counsel and being otherwise duly advised in the premises, finds as follows.

**Background**

The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on August 24, 2001. During the pendency of the Chapter 11 case, a § 341 Meeting of Creditors was conducted on October 11, 2001. On November 5, 2001, Creditors Walter White and Charisse White moved to enlarge the time to file Objections to the Debtor's Claim Exemptions, the Debtor's Discharge, and Dischargeability. This Court granted their motion and enlarged the time for these creditors to object to the Debtor's claim of exempt property to January 14, 2002. This Court subsequently granted a further enlargement of time for these creditors to object to the Debtor's claimed exemptions to February 8, 2002.

This case was converted to a proceeding under Chapter 7 on November 27, 2001. The post-conversion 341 Meeting of Creditors was held on January 4, 2002 and a qualified Chapter 7 Trustee was duly appointed. The Trustee filed an Objection to the Debtor's Claim of Exempt Property (the Objection) on February 4, 2002. The creditors, Charisse White and Walter White, filed an Objection to the Debtor's Claim of Exempt Property on February 8, 2002. Although both objections remain pending, it is with the Trustee's Objection that the Court is presently concerned.

**The Motion to Strike**

The Debtor's Motion to Strike the Trustee's Objection to the Debtor's Claim of Exempt Property (the Motion) asserts that the Objection was untimely filed. The Debtor argues that the thirty-day period to object to the Debtor's claim of exempt

property pursuant to Federal Rule of Bankruptcy Procedure 4003(b) commenced upon the conclusion of the initial § 341 Meeting conducted during the Chapter 11 case on October 11, 2001. Since the Trustee's Objection was filed within thirty days of the post-conversion § 341 Meeting, it was not timely due to the expiration of the initial objection period prior to the conversion of the case to Chapter 7.

The Trustee's Response in Opposition to the Debtor's Motion asserts the argument that the Motion should be denied because the conversion of the Debtor's case from Chapter 11 to Chapter 7 provides a new order of relief and requires a new meeting of creditors to be held. The Trustee asserts that since F.R.B.P. 4003(b) provides that an objection to exemption may be filed within thirty days after the conclusion of the meeting of creditors, the Chapter 7 Trustee and creditors in a converted case have thirty days after the post-conversion meeting to file their objections.

■ Therefore, the matter before the Court presents the issue of whether the conversion of a case from a proceeding under Chapter 11 to one under Chapter 7 of the Code provides a trustee or other interested party with a renewed thirty-day period within which to object to a debtor's claim of exemptions. A review of existing case law indicates that there are differing lines of thought regarding this issue.

## The Strict Constructionist Approach

One view, that of the strict constructionists, holds that conversion triggers no renewed period within which a party may object to a debtor's exemptions. Adherents to this position base their argument on the silence of Fed.R. Bank. Pro. 1019 regarding a renewed objection period and upon the failure of Congress to include a post-conversion period to object in Fed. R.Bank. Pro. 4003(b). The proponents of

this view claim that Congress' failure to specify in Fed.R.Bank.Pro. 1019 that the objection period is renewed upon conversion of case from Chapter 11 to Chapter 7 clearly indicates Congress' intention not to provide for such a renewed period. Proponents hold that since conversion does not change the dates of filing, commencement of the case, and order for relief except as expressly provided by § 348(a)(c) and the Code is otherwise silent on this issue, for a bankruptcy court to provide for a renewed period to object to exemptions after conversion would amount to re-writing the Code. *See, e.g.,In re Smith,* 235 F.3d 472 (9th Cir. 2000); *In re Bell,* 225 F.3d 203 (2d Cir. 2000); and *In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla.1999).

Those courts holding that there is no renewed objection period after conversion have found support for their position in the United States Supreme Court's opinion in *Taylor v. Freeland & Kronz,* 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), which held that a Chapter 7 Trustee could not contest the validity of a claimed exemption after the thirty-day period expired. The Supreme Court noted that "[d]eadlines may lead to unwelcome results but they prompt parties to act and they produce finality." *Id.,* 503 U.S. at 644, 112 S.Ct. at 1648. However, the Court in *Taylor* failed to state how a party, such as a Chapter 7 trustee, can act "promptly" when he or she might not have been appointed as trustee prior to the lapse of the period for objection to exemption.

## In re Ferretti

The Debtor would have the Court follow the reasoning advanced in *In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla.1999) where the Bankruptcy Court, Barry Schermer, Visiting Judge, determined that upon conversion of a case from Chapter 13 to Chapter 7, no new period to object to a debtor's

claimed exemptions arose unless a debtor voluntarily filed or was required to file amended schedules with newly claimed exemptions. Judge Schermer's decision in *Ferretti* was affirmed by the Eleventh Circuit without opinion in *Dibraccio v. Ferretti*, 268 F.3d 1065 (2001).

This Court notes that *Ferretti* may be distinguished from the present case in several respects. First, *Ferretti* involved a conversion from a Chapter 13 case to Chapter 7 whereas the instant case is a Chapter 11 to Chapter 7 conversion. The difference is notable because the *Ferretti* Chapter 13 trustee would have had ample opportunity to review the debtor's schedules and claimed exemptions due to the lengthy duration of the case (two years) prior to conversion. In the instant case, which converted from a Chapter 11, there was no similarly lengthy time period within which a trustee could have scrutinized the schedules. This Court notes that courts have opined that a trustee in a Chapter 11 proceeding, if appointed, is often less intrusive than would be a trustee in a Chapter 13 or Chapter 7 case, since the emphasis of the Chapter 11 case is placed upon the proposal and confirmation of a plan of reorganization. The exemptions claimed by a debtor are not deemed to have a great effect on the creditor body and are therefore afforded less scrutiny by the interested parties. *See, e.g., In re Havanec*, 175 B.R. at 924 ("chapter 11 creditors ... are likely to have neither the interest nor expertise to [object to claimed exemptions]"); *In re Bergen*, 163 B.R. at 379 (without a trustee, objections must be made by creditors, and "[i]n fact, the exemptions may be of little importance to a creditor in the earlier stages of a Chapter 11 case ...").

A second important distinguishing *Ferretti* factor was that the bankruptcy court, Judge A.J. Cristol, had previously ruled in the Chapter 13 proceeding that the *Ferretti* debtor was entitled to the claimed exemption. *Id.* at 885. Therefore, in view of these important distinctions, this Court does not find persuasive the decision reached in *Ferretti*.

**The Liberal Constructionist Approach**

In contra-position to the constructionist view, other courts have held that the conversion of a case to a proceeding under Chapter 7 does trigger a renewed period within which a trustee may object to a debtor's claim of exemption. *See, e.g., In re Havanec*, 175 B.R. 920 (Bankr.N.D.Ohio 1994); *Matter of Bergen*, 163 B.R. 377 (Bankr.M.D.Fla.1994); *In re Leydet*, 150 B.R. 641 (Bankr.E.D.Va.1993). The predicates for this position include the view that Congress' failure to provide for a renewed objection period post-conversion was due to its recognition that the inclusion of such a provision would have been redundant. *Leydet*, 150 B.R. at 643. The combination of the requirement in F.R. Bank Pro. 1019(5)(i) that a debtor is to file new schedules within 15 days of filing and that of F.R. Bank Pro. 4003(b) which provides for a 30–day period to object upon the filing of new schedules, would result in a renewed objection period without any explicit provision appearing in F.R. Bank. Pro. 1019. *Id.*

Other bases for this position include the theory that since the conversion order is an order for relief, a new meeting of creditors is required upon conversion from Chapter 11 to Chapter 7. Fed.R.Bankr.P. 2003; *See F & M Marquette Nat'l Bank v. Richards*, 780 F.2d 24 (8th Cir.1985). "This meeting of creditors is not a continuation or an extension of the meeting of creditors in the previous Chapter 11 proceeding. Rather, it is a separate and distinct meeting." *Id.* at 25. Since Fed.R. Bank. Pro. 4003(b) provides for a thirty-day period to object to a debtor's claim of

exemptions, there is no indication that Congress intended this period to be a severable provision. Nor does Fed.R. Bank. Pro. 4003(b) specify that this is restricted to the initial meeting of creditors. "If the rules meant the initial meeting of creditors was the only time an objection could be made to exemptions, they would have been drafted consistently." *Bergen*, 163 B.R. at 379. Additional bases for this position are grounded upon concerns for due process and safeguards from abusive tactics. See, *Bell*, 225 F.3d at 222 (Senior District Judge Moran, *dissenting opinion*).

### The Bell Dissent

This Court finds particularly useful the dissenting opinion in *In re Bell* of Senior District Judge Moran, 225 F.3d. at 222–227. In *Bell*, the debtor converted from Chapter 11 to Chapter 7 and the newly appointed Chapter 7 trustee objected to certain assets previously claimed as exempt by the debtor. *Id.* at 206. The bankruptcy court for the District of Vermont sustained the trustee's objection and the debtor appealed. The District court affirmed and the debtor again appealed. The Second Circuit held that the conversion of a case from Chapter 11 to Chapter 7 does not trigger a new period for filing objections to exemptions. *Id.* at 207. In addition to asserting the need to adhere to strict statutory construction, the *Bell* court also cited the likelihood of prejudice to a debtor's substantive property rights in property timely exempted. *Id.*

In his dissent, Senior District Judge Moran found ambiguity in the Code with respect to the procedures appropriate in conversion. *Id.* at 222, *dissent*. The dissent notes that there is support for both sides of this dilemma and "the time is ripe for a clarifying amendment or decision by the Supreme Court." *Id.* at 222. Among the predicates of the dissenting view is the combined reading of the requirement that

a post-conversion meeting of creditors be held, which is a separate meeting, and at which a new trustee is selected. This, in conjunction with the provision of Fed. Rule Bank Pro 4003 that a trustee has thirty days to file an objection to a debtor's exemptions clearly, for the *Bell* dissent, establishes a renewed period to object upon conversion. *Id.* at 223, *dissent*.

The *Bell* dissent casts doubts the majority's reliance upon the canons of construction and notes that "[n]othing in the advisory notes indicates that the Committee considered and rejected provisions to deal with a host of other possible effects of conversion." *Id.* at 224, citing *In re Leydet*, 150 B.R. at 643; *In re Havanec*, 175 B.R. at 924 ("[T]his omission is not compelling.... For all that appears, the draftsmen of Rule 1019(2) might well have concluded that the language of Rule 4003(b) was sufficiently clear to assure that the trustee could object to claims following the conclusion of the Chapter 7 creditors meeting after the case had been converted").

### Additional Cases Supporting Liberal Constructionist View

A review of existing case law indicates that there is much support for the views advanced by the dissent in *Bell*. See, e.g. *In re Mims*, 249 B.R. 378, 382 (Bankr. D.N.J.2000) (disagreeing with those courts that look to the silence of Rule 1019 as to the effect of conversion or reconversion to Chapter 7 on the time to object to exemptions under Rule 4003(b) as a bases for concluding that there is no new period for objections to exemptions upon conversion); *In re Wolf*, 244 B.R. 754, 755 (Bankr. E.D.Mich.2000) (concluding that the "very importance and purpose of having a second § 341 hearing is materially undercut if the fundamental matter of a debtor's exemptions is somehow determined to be no longer fair game. At the very least one

should not divine such a result based almost entirely on a principle of statutory construction, the application of which may be questionable …"). This Court is in agreement with the conclusions reached in the above-referenced cases. This Court further finds accord with the holding reached in *In re Weissman*, 173 B.R. 235 (M.D.Fla.1994)(basing the determination that a 30–day period to object is created upon conversion is essential to the integrity of the Code, among other bases, and essential to prevent abuse of system by debtors who would convert after the deadline lapsed in order to claim improper exemptions). This Court finds agreement with the statement in *In re Bergen* that "[t]o restrict the interpretation of Fed. R.Bankr.P. 4003(b) to only the first meeting of creditors is a feat this Court is more than reluctant to perform." 163 B.R. at 380. There is nothing in the Bankruptcy Code or Rules which forecloses objections to exemptions subsequent to a meeting of creditors in a converted case. *Id.*

This Court further notes that numerous policy reasons exist for finding that conversion from Chapter 11 to Chapter 7 creates a renewed period for a trustee to object to a debtor's claim of exemptions. In the event that courts were to uniformly hold that no such renewed period to object to exemptions upon conversion existed, the scenarios of abuse are legion. Debtors could intentionally file a petition under Chapter 11 and claim as exempt property not otherwise allowed as exempt knowing full well that their case will soon be converted to a proceeding under Chapter 7. Upon the inevitable conversion, the hapless newly-appointed Chapter 7 trustee would be without recourse to object to the otherwise non-allowable exemptions. This Court is certain that such type of abuse was not intended by Congress.

Moreover, to find that there was no renewed period to object to exemptions upon conversion would effectively deny due process to a newly-appointed trustee and would impede the trustee's ability to perform his or her duties as set forth in § 704. A trustee would be unable to collect the property of the estate with effectively if a converted debtor is able to claim non-exempt property as exempt merely by virtue of the date of the case's conversion. As noted by the court in *Weissman* "to construe Rule 4003(b) to mean that the original § 341 meeting triggers the thirty (30) day time frame in which to file objections would deprive Chapter 7 trustees of the opportunity to challenge the debtor's claim of exemption …[and] protecting certain assets even if the law clearly would otherwise prohibit such claims." 173 B.R. at 236. This Court is not of the belief that this was the intent of legislators in devising distinct plans and schedules for debt payment.

This Court further concludes that the omission in Fed. R. Bank Pro. 1019(2) of any reference to a new period for the filing of objections to a debtor's claimed exemptions does not mean that the establishment of a new period to object upon conversion is prohibited. The silence of Rule 1019 regarding the period after conversions is more indicative of the inherent weaknesses of legislative drafting or of the drafter's confidence that the existence of a renewed period to object upon conversion was sufficiently clear. In any case, this Court agrees with the *Bell* dissent that the time is ripe for a Supreme Court determination of this issue. *Bell*, 225 F.3d. at 222. Until such determination is rendered, this Court will refrain from imposing a restriction where none previously existed.

The Court notes, as did the United States Supreme Court in *Taylor v. Freeland*, 503 U.S. at 644, 112 S.Ct. at 1648,

that "[d]eadlines produce finality ..." but finality is not to be prized above due process. In balancing the equities, the Court notes that in the event that a debtor is claiming an exemption on property that is fully within the debtor's rights, then the existence of a renewed period to object to exemptions will not prejudice the debtor. The debtor will be allowed the exemption. However, in the event that a converted debtor is claiming an exemption on property not properly claimed as exempt and a newly-appointed Chapter 7 trustee is given no opportunity to object due to conversion occurring post expiration of the initial thirty-day deadline, then an inequity has resulted and due process has been denied, with resulting detriment to creditors, the bankruptcy estate, and the bankruptcy system.

In view of the foregoing, it is hereby

ORDERED and ADJUDGED that the Debtor's Motion To Strike Trustee's Objection to Claim of Exemption as untimely is DENIED.