In re Hubert Earl JENKINS and Jewell Deloress Jenkins, Debtors.

Bankruptcy No. 92–15305–8P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 19, 1993.

Thomas Joel Chawk, Lakeland, FL, for debtors.

Stephen L. Meininger, Tampa, FL, Trustee.

Meininger & Meininger, P.A., Tampa, FL, for trustee.

## ORDER ON OBJECTION TO CLAIM OF EXEMPTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing, with proper notice, upon an Objection to Claim of Exemption of Hubert Earl Jenkins and Jewell Deloress Jenkins (Debtors) in this con-verted Chapter 7 case. The Debtors' right to the exemptions claimed is challenged by Stephen L. Meininger (Trustee), the trustee in charge of administering the estate of the Debtors. The Objection to Claim of Exemption is based on the proposition urged by the Trustee that the total value of the personal property claimed as exempt exceeds the maximum allowed by Art. X, § 4 of the Florida Constitution. In opposition, the Debtors contend that the Trustee's Objection is untimely, and therefore this Court no longer has jurisdiction to consider the Objection and the claim of exemptions is automatically allowed, even though the values claimed might be in excess of the amount allowed by law. The facts relevant to the resolution of this controversy as they appear from the record are as follows:

The Debtors filed their Petition for Relief under Chapter 13 of the Bankruptcy Code on November 20, 1992. In connection with the Petition, the Debtors filed their Schedules, and in their Schedule C they claimed as exempt personal property valued by the Debtors at $3000.00. The § 341 meeting of creditors was concluded on December 22, 1992. The Chapter 13 standing trustee did not object to the claim of exemption set forth in the Debtors' Schedule C. The Debtors, having failed to obtain confirmation of their Chapter 13 Plan, filed a Notice of Voluntary Conversion on March 30, 1993. Stephen L. Meininger (Trustee) was appointed on April 9, 1993 pursuant to § 701 of the Bankruptcy Code. The § 341 meeting held after conversion and concluded on May 4, 1993. On May 21, 1993, the Trustee filed an Objection to Claim of Exemption, alleging that the Debtors are not entitled to claim the personal property as exempt in the amount of $3000.00, because the claim exceeds the $2000.00 amount allowed by Art. X, § 4 of the Florida Constitution.

On May 26, 1993, the Debtors filed a Response to the Objection, contending that the Trustee's Objection was untimely because it was not filed within thirty days of the conclusion of the meeting of creditors, as required by F.R.B.P. Rule 4003(b). Thus, according to the Debtors, they are entitled to the exemptions claimed, even though the exemption

they are claiming is admittedly not permitted under Florida law. *See Taylor v. Freeland & Kronz,* —— U.S. ——, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992) and § 522(*l*) of the Bankruptcy Code.

The time-frame in which a party in interest must challenge a debtor's right to exemptions is governed by F.R.B.P. 4003(b) which provides in pertinent part:

**Rule 4003(b). Objections to Claim of Exemptions.**

The trustee or any creditor may file objections to the list of property claimed as exempt *within 30 days of the conclusion of the meeting of creditors* held pursuant to Rule 2003(a) or the filing of any amendment to the list or supplemental schedules unless, within such period, further time is granted by the court ... (emphasis supplied)

■ The difficulty in the literal application of this Rule is demonstrated by the fact pattern involved in this particular case, which presents the narrow issue of whether the § 341 meeting held pursuant to Chapter 13 or the § 341 meeting held after conversion to Chapter 7 triggers the 30–day time-frame in which a trustee must challenge the claim of exemptions of a debtor.

Chapter 13 is designed to assist individuals with regular income to adjust debts. Although § 1322(b)(8) permits the sale of assets, the Chapter is designed to enable the debtor to fund the Plan with the debtor's future income, and not by liquidation of the debtor's assets. Thus, in the context of a Chapter 13 case, the debtor's right to exemptions is only relevant in determining whether or not the debtor's Plan meets the requirement of § 1325(a)(4), which requires that creditors will receive more under the Plan proposed by the debtor than they would receive under Chapter 7. For this reason, as a general proposition, the debtor's right to exemptions claimed is academic in a Chapter 13 case, and the standing trustees in Chapter 13 cases seldom, if ever, pay any attention to claim of exemptions set forth in Schedule C. On the other hand, when the case is converted to Chapter 7, the issue of exemptions becomes of paramount importance, because to the extent exemptions are not allowed, the property in question will remain property of the debtor's estate and is available for liquidation by the Chapter 7 trustee.

F.R.B.P. 1019 is designed to deal with readjustment of time-frames upon conversion. It provides that upon conversion, the time to file claims governed by Rule 3002 is restarted, as is the time fixed by Rule 4004(a) to file complaints objecting to the discharge pursuant to § 727(a) and the time fixed by Rule 4007(c) which deals with filing a complaint pursuant to § 523(c). Although the Rule is silent regarding the rescheduling of a new § 341 meeting, the only sensible construction of § 348 and Rule 1019 admits no other result, except that a new time-frame is triggered by the conclusion of the meeting of creditors held after conversion. This is so because § 348 refers back to Rule 4004 and Rule 4007 which provide, of course, that complaints objecting to general discharge pursuant to § 727(a) and complaints pursuant to § 523(c) must be filed within 60 days following the date set for the meeting of creditors. This time-frame must relate to the new § 341 meeting, because if it refers to the original § 341 meeting, which could have been held possibly years later, the new time-frame provided by Rule 1019 would be totally meaningless and academic. Unfortunately, Rule 1019 makes no provision for restarting a new time-frame for filing objections to the Debtor's claim of exemptions when the case is converted from Chapter 13 to a Chapter 7.

If Rule 4003(b) is construed to mean that the 30–day time-frame is triggered by the § 341 meeting held in the Chapter 13 case, then the interim trustee in the Chapter 7 case is no longer in a position to challenge the debtor's claim of exemption, even when the interim trustee discovers during the § 341 meeting held after conversion facts which suggest that the debtor's claim of exemption is unsupported by facts or by law or both. This in turn creates an anomalous situation—that the debtor is allowed to retain and immunize property merely because the Chapter 13 trustee did not file a timely objection to the claim of exemptions even if the claim is not supported by Florida law. *See Taylor v. Freeland & Kronz, supra.* The Supreme Court held in *Taylor* that the

failure to timely object to the claim of exemption is a final binding determination of the debtor's right to exemption even if it is clear that the claim of exemption had no basis in fact or law according to the Supreme Court. This is so because § 522(*l*) expressly provides that unless a party in interest objects, the claim of exemption is allowed.

This Court is unwilling to accept this proposition, and is satisfied that despite the fact that Rule 1019(2) fails to retrigger the timeframe within which an Objection to Claim of Exemption must be filed, the Chapter 7 trustee should have an opportunity to do so when the facts discovered warrants, provided that the trustee files the objection within thirty days of the conclusion of the § 341 meeting held after conversion.

No one disputes the fact that a debtor should be entitled to full enjoyment of properly allowable exemptions. It is also important to note that the overriding purpose of the Bankruptcy Code is to allow a debtor to have a "fresh start" by providing much needed relief from the pressure and discouragement of pre-existing debt. *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Nonetheless, it is equally true that the Code contemplates a fair quid pro quo to the creditors, who are entitled to share in the proceeds produced by the liquidation of the non-exempt assets by the trustee in the Chapter 7 case. The fresh start concept explained by *Frederick* should not permit a debtor to immunize from the estate property not exempted under applicable law. In view of the foregoing, this Court is satisfied that the Trustee's Objection to Claim of Exemptions is timely.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Trustee's Objection is sustained and the Claim of Exemptions is disallowed to the extent it exceeds the amount allowable in Article X, § 4 of the *Florida Constitution*. The Debtors shall select which property they claim as exempt within 15 days of the entry of this Order. The Trustee is directed to administer the excess as property of the estate.

DONE AND ORDERED.