In re FISH, Robert Emil and Fish, Paula Miles, Debtors.

No. 00–04520–9P7.

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Feb. 28, 2001.

Edward R. Miller, Miller and Hollander, Naples, FL, for debtors.

Larry Klayman, Klayman & Associates, P.C., Washington, DC, for movant.

Thomas S. Heidkamp, Ft. Myers, FL, Chapter 7 Trustee.

### ORDER ON TIMELINESS OF FILING OBJECTIONS TO EXEMPTIONS
#### (Doc. # 's 36 & 38)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THIS CAUSE came on for hearing upon Objection to Debtors' Homestead Exemption Claim filed by Judgment Creditor Klayman & Associates, P.C. (Klayman) (Doc. # 36) and Objection to Claim of Exemption filed by Trustee, Thomas S. Heidkamp (Doc. # 38) in the above-captioned case. Debtors challenged both Objections to Claims of Exemptions on the grounds that they were untimely filed.

The Court reviewed the record, heard argument of counsel and finds the following facts are without dispute. Robert Emil Fish and Paula Miles Fish (Debtors) filed a joint voluntary Petition under Chapter 13 of the Code on March 27, 2000. The first meeting of creditors was held, pursuant to 11 U.S.C. § 341(a) and Federal Rules of Bankruptcy Procedure (F.R.B.P.) 2003(a) on May 4, 2000. The Chapter 13 Trustee timely filed an Objection to Debtors' Claim of Exemptions on May 31, 2000. On June 8, 2000, this Court entered an Order deferring ruling on the Trustee's Objection to Debtors' Claim of Exemptions.

On October 12, 2000, Debtors filed their Motion to Convert to a Chapter 7 liquidation case pursuant to 11 U.S.C. § 1307. On October 18, 2000, this Court entered an Order denying confirmation and conditionally dismissed the Chapter 13 case granting the Debtor 10 days to convert to another chapter. On the same day this Court entered an Order Governing Procedures after Conversion to Chapter 7 Case. The Clerk of the Court provided Notice of Conversion of Case to Chapter 7, which was mailed on October 18, 2000. This Notice provided that the U.S. Trustee has appointed Thomas S. Heidkamp as Interim Trustee and has scheduled a meeting of creditors under Chapter 7 pursuant to 11 U.S.C. § 341 for November 21, 2000. This Notice also provided bar dates for filing proofs of claims, complaints objecting to the discharge of the Debtor and for filing complaints to determine the dischargeability of certain debts.

On November 21, 2000, a § 341 meeting was held in the converted case, and on November 29, 2000, the Chapter 7 Trustee filed an Objection to Debtors' Claim of Exemption. Klayman's Objection to Debtors' List of Exempt Property was also filed on November 29, 2000. Basically these are the controlling facts as they appear on the record.

It is the contention of the Debtors that since neither Klayman nor the Chapter 7 Trustee filed an Objection to their Claim of Exemption within 30 days of the conclusion of the § 341 meeting held in the Chapter 13 case, their Objections now presented are untimely and therefore, under *Taylor v. Freeland & Kronz et al.*, 503 U.S. 638, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992), their claim of exemption is allowed as a matter of law. In opposition to this proposition, both Klayman and the Chapter 7 Trustee assert that the time to chal-

lenge the Debtors' claim of exemption in a converted case runs from the conclusion of the meeting of creditors held pursuant to § 341 after conversion in the Chapter 7 case, and not within 30 days of the conclusion of the original § 341 meeting held during the pendency of the Chapter 13 case.

Timeliness of filing Objections is governed by F.R.B.P. 4003(b) which states that the trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a). The procedure setting certain time frames fixed by the Rules is governed by F.R.B.P. 1019. F.R.B.P. 1019 is silent concerning setting the time frame after conversion to challenge the claim of exemptions. Contrary to this silence, F.R.B.P. 1019 does set new time frames for filing proofs of claims, a complaint objecting to discharge, and a complaint to obtain a determination of dischargeability of certain debts. However, this Court is satisfied that this omission is of no consequence and the timeliness of filing an objection is still governed by Rule 4003(b); therefore, these two Objections were timely filed.

Both Objections were filed within 30 days of the § 341 meeting as provided for in F.R.B.P. 4003(b) which allows a party to object to exemptions within 30 days after the conclusion of the meeting of creditors. It cannot be gainsaid that upon conversion, it is mandatory to convene a new § 341 meeting in a Chapter 7 case for the obvious reasons that § 341 mandates an examination of the debtor under oath pursuant to § 343 but most importantly, the creditors have a right under § 702 under certain conditions to elect a Trustee. If no Trustee is elected, then the office of the U.S. Trustee must appoint a Chapter 7 Trustee who is charged with the duty to administer the properties of the estate. It should be evident from the foregoing, that in order to comply with these requirements then, there must be a § 341 meeting called which in turn would trigger the new time frame provided for by 4003(b) of the Rules.

As mentioned earlier, the Rule is silent regarding the rescheduling of a new § 341 meeting. However, the only sensible construction of 11 U.S.C. § 348 and F.R.B.P. 1019 admits no other result except that a new time-frame is triggered by the conclusion of the meeting of creditors held *after* conversion. Obviously, the Chapter 7 Trustee was in no position to challenge the claim of exemption during the pendency of the Chapter 13 case simply because he was not appointed until the case was converted.

While in this case, the Chapter 13 Trustee did file a precautionary Objection to Claim, it is true that in a Chapter 13 case, the administration is in the hands of a Chapter 13 standing Trustee who would not have any reason to pursue the merits of the objection in a Chapter 13 case. A Chapter 13 case is not a liquidation case, and the extent of the exemption is only possibly relevant when a court considers whether the Plan submitted by Debtors was in the best interest of the creditors and meets the requirements of 11 U.S.C. § 1325(a)(4).

This Court had the opportunity to consider the identical issue in two non-consolidated Chapter 7 cases involving the timeliness of an Objection to the claims of exemption. *In re Lyle; In re Weissman,* 166 B.R. 972 (Bankr.M.D.Fla.1994) (holding that new 30–day period was triggered by the meeting creditors following conversion of Chapter 13 case to Chapter 7, during which time the Chapter 7 trustee could file objection to debtors' claimed exemptions). This ruling was affirmed by the United States District Court for the

Middle District of Florida in *Weissman v. Carr (In re Weissman),* 173 B.R. 235 (M.D.Fla.1994).

A § 341 meeting was held in the converted case on November 21, 2000, and both Objections were filed on November 29, 2000. Both Objections were filed within thirty days of the conclusion of the § 341 meeting held after conversion, and a new 30–day period was triggered by the meeting of creditors following conversion; therefore, both Objections were timely filed. *In re Lyle; In re Weissman,* 166 B.R. 972 (Bankr.M.D.Fla.1994); *Weissman v. Carr (In re Weissman),* 173 B.R. 235 (M.D.Fla.1994).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that Objection of Judgment Creditor Klayman & Associates, P.C. to Debtors' List of Exempt Property (Doc. # 36) be, and the same is hereby, timely filed. Objection by Debtors as to the timeliness of this Objection is overruled. It is further

ORDERED, ADJUDGED AND DECREED that the Objection to Claim of Exemption filed by Trustee, Thomas S. Heidkamp (Doc. # 38) be, and the same is hereby, timely filed. Objection by Debtors as to the timeliness of this Objection is overruled. It is further

ORDERED, ADJUDGED AND DECREED that a Final Evidentiary Hearing to hear the merits of both Objections to Claim of Exemptions (Doc. # 's 36 and 38) shall be scheduled before the undersigned at the U.S. Courthouse, Federal Building, 2110 First Street, Room 4–117, Courtroom D, Fort Myers, Florida on May 17, 2001, at 3:00 p.m.