**In re Frederick HOPKINS and Sheila Hopkins, Debtors.**

**No. 02–61692.**

United States Bankruptcy Court, E.D. Michigan, Southern Division.

Dec. 10, 2004.

James P. Frego, II, Dearborn Heights, MI, for Debtors.

### OPINION ALLOWING CHAPTER 7 TRUSTEE'S RIGHT TO OBJECT TO DEBTOR'S EXEMPTIONS POST–CONVERSION

MARCI BETH MCIVOR, Bankruptcy Judge.

This matter came before the Court at a hearing on September 21, 2004 on the Chapter 7 Trustee's objection to the debtors' claimed exemptions. The issue before the Court is whether upon conversion of a case under Chapter 13 to a case under Chapter 7, a Chapter 7 trustee may file objections to exemptions originally claimed by a debtor in a Chapter 13 case. For the reasons set forth below, the Court holds that a Chapter 7 trustee may file objections to exemptions after conversion so long as the objections are timely filed in accordance with the requirements of Fed. R. Bankr.P. 4003.

### I

### JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a) and by referral of the U.S. District Court for the Eastern District of Michigan pursuant to Local District Court Rule 83.50(a)(1). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

### II

### FACTUAL BACKGROUND

The facts are not in dispute. On September 17, 2002, Frederick and Sheila Hopkins (Debtors) filed a joint Chapter 13 bankruptcy petition. Debtors filed their Schedules and proposed Chapter 13 Plan on October 2, 2002. Schedule A indicates

that the Debtors jointly own real property in fee simple at 18264 Whitby, Livonia, Michigan 48152 (Real Property). Debtors stated the value of the Real Property as $ 120,000 with a secured claim of $ 90,532. Schedule C indicates that the Debtors' claimed an exemption in the Real Property pursuant to 11 U.S.C. 522(d)(1) in the amount of $ 29,468. On November 2, 2002, the meeting of creditors took place. The Chapter 13 Trustee did not file objections to the Debtors' exemptions. On December 11, 2002, Debtors filed an amended Schedule C to "exempt [an] inadvertently omitted asset" but the amended Schedule C did not change the Debtors' claimed exemption in the Real Property. The Court confirmed the Debtors' Chapter 13 plan on February 6, 2003.

On May 28, 2004, Debtors filed a notice of conversion. The Court entered Debtors' proposed order converting Debtors' Chapter 13 case to a case under Chapter 7 on June 2, 2004. On June 24, 2004, the Clerk of the Court served a "Notice of Chapter 7 Bankruptcy, Meeting of Creditors and Deadline" to all parties listed in Debtors' matrix. This Notice of Chapter 7 Bankruptcy states the name, address, and telephone number of the Chapter 7 bankruptcy trustee, Kenneth A. Nathan (Trustee), and indicates the date of the meeting of creditors (§ 341 hearing) in Debtors' converted Chapter 7 case as July 13, 2004. The § 341 hearing was adjourned to July 27, 2004. On this date, the Chapter 7 Trustee conducted and concluded the § 341 hearing. On August 25, 2004, Trustee filed an "Objection to Debtors' Claimed Exemption" (Objection). Trustee objects to the Debtors' claimed exemption of the Real Property on the grounds that "the exemption taken by Fred Hopkins exceeds the amount allowed under 11 U.S.C. § 522(d)(1) by $ 11,018." (Trustee's Objection, p. 2, ¶ 6). In addition, Trustee alleges that he intends to sell the Real

Property for the benefit of Debtors' creditors based on his belief that the value of the Real Property exceeds the value stated by the Debtors in their Schedules. (Trustee's Objection, p. 2, ¶ 7). On September 7, 2004, Debtors filed a response to the Trustee's Objection. Debtors contend that the Trustee's Objection is not permitted because the time period to object to exemptions expired during the Debtors' Chapter 13 case. The Court held a hearing on September 21, 2004. At the conclusion of oral argument, the Court took the matter under advisement.

## III

### DISCUSSION

#### A. Issue

The issue before this Court is whether a Chapter 7 trustee may file objections to exemptions originally claimed by a debtor in a Chapter 13 case when the Chapter 13 case is converted to a case under Chapter 7 of the United States Bankruptcy Code.

#### B. Analysis

Before the Court is an issue that requires an analysis of multiple sections of the United States Bankruptcy Code and several procedural rules contained in the Federal Rules of Bankruptcy Procedure. The analysis must begin with the statutory language. *United States v. Ron Pair*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989)(citing *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685, 105 S.Ct. 2297, 2301, 85 L.Ed.2d 692 (1985)). "The plain meaning of legislation [is] conclusive except in 'rare cases in which the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters.'" *Id.* at 242, 109 S.Ct. 1026. The United States Supreme Court has stated, with specific reference to

interpretations of the Bankruptcy Code, "that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992).

The Court concludes that the plain meaning of the relevant sections of the United States Bankruptcy Code requires that a Chapter 7 trustee possess the right to object to a debtor's exemptions in a converted case. Under the Code, a Chapter 13 "debtor may convert a case under this Chapter to a case under Chapter 7 of this title at any time." 11 U.S.C. § 1307(a). The effect of a conversion by a debtor from one Chapter to another Chapter under title 11 is governed by 11 U.S.C. § 348. Pursuant to § 348(a)

[c]onversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an *order for relief* under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

11 U.S.C. § 348(a)(emphasis added).

When a new order for relief[1] is entered, 11 U.S.C. § 341(a) requires that "[w]ithin a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors." 11 U.S.C. § 341(a).

Fed. R. Bankr.P.2003(a) defines the phrase "reasonable time" and requires that "[i]n a chapter 7 liquidation ... the United States trustee shall call a meeting of creditors to be held no fewer than 20 and no more than 40 days after the order for relief."[2]

Once a hearing has been held pursuant 11 U.S.C. § 341, the time to object to a debtor's claimed exemption is controlled by Fed. R. Bankr.P. 4003(b). The Rule states in relevant part that objections may be filed

only within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension. Copies of the objections shall be delivered or mailed to the trustee, the person filing the list, and the attorney for that person.

Fed. R. Bankr.P. 4003(b).

The Chapter 7 Trustee contends that he possesses the right to object to the Debtors' exemption and that his objection is timely because the time period to file objections begins upon the conclusion of the § 341 hearing in the Debtors' converted Chapter 7 case. In support of his argument, Trustee relies on *In re Wolf*, 244 B.R. 754 (Bankr.E.D.Mich.2000).

Debtors argue that the Debtors' voluntary conversion of their Chapter 13 case to

---

1. Under 11 U.S.C. § 102(6), an "'order for relief' means entry of an order for relief."

2. Some cases rely on Fed. R. Bankr.P.2003 in support of the argument that the Code prohibits a second exemption period. These cases ignore the plain language of §§ 348 and 341. The purpose of Fed. R. Bankr.P.2003 is to define the time period for holding a meeting of creditors under § 341(a). Once the new order for relief is entered, the rights of a Chapter 7 trustee are defined by Fed. R. Bankr.P. 4003(b) with regard to exemptions and Fed. R. Bankr.P. 1019 with regard to "claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt". *See In re Wolf*, 244 B.R. 754 (Bankr.E.D.Mich.2000)(discussing the compatibility of Fed. R. Bankr.P. 4003 and 1019).

a Chapter 7 case did not vest the Trustee with a right to object to their exemptions stated in their original Schedule C because the time period to object to their exemptions expired prior to the conversion of their case. Debtors rely on § 348(a), § 522(*l*),[3] and Fed. R. Bankr.P. 1019(2).[4] In support of their argument, Debtors direct the Court to consider the "majority" position addressed in *In re Campbell*, 313 B.R. 313 (10th Cir. BAP 2004).

■ The statutory language is unambiguous and "the sole function of [this Court] is to enforce it according to its terms." *United States v. Ron Pair*, 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Therefore, the Court rejects the Debtors' arguments. This Court's ruling is consistent with approximately half the cases addressing this issue.[5] These cases thoroughly analyze every aspect of the post-conversion exemption issue. Suffice it to say that the common logic of the cases permitting a trustee to object to exemptions after conversion, is best summarized by the dissent in *In re Bell*:

> Briefly, the logic is as follows: The conversion of a bankruptcy case from one chapter to another constitutes an order for relief. 11 U.S.C. § 348(a). Within a

---

3. 11 U.S.C. § 522(*l*) states:

   The debtor shall file a list of property that the debtor claims as exempt under subsection (b) of this section. If the debtor does not file such a list, a dependent of the debtor may file such a list, or may claim property as exempt from property of the estate on behalf of the debtor. Unless a party in interest objects, the property claimed as exempt on such list is exempt.

4. Federal Rule of Bankruptcy Procedure 1019 addresses the ramifications of conversion from one chapter to another chapter under title 11. Debtors rely on the subsection of this Rule that addresses new filing periods that arise upon the conversion of a Chapter 13, which states:

   When a chapter 11, chapter 12, or chapter 13 case has been converted or reconverted to a chapter 7 case:

   . . .

   (2) New filing periods

   A new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence pursuant to Rules 3002, 4004, or 4007, provided that a new time period shall not commence if a chapter 7 case had been converted to a chapter 11, 12, or 13 case and thereafter reconverted to a chapter 7 case and the time for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of the dischargeability of any debt, or any extension thereof, expired in the original chapter 7 case.

   Fed. R. Bankr.P. 1019(2).

5. *See Campbell v. Stewart (In re Campbell)*, 313 B.R. 313 (10th Cir. BAP 2004) (conversion of Chapter 13 case to a case under Chapter 7); *Alexander v. Jensen–Carter, (In re Alexander)*, 236 F.3d 431 (8th Cir.2001)(conversion of Chapter 13 case to a case under Chapter 7); *In re Lang*, 276 B.R. 716 (Bankr.S.D.Fl.2002)(conversion of Chapter 11 case to a case under Chapter 7); *In re Fish*, 261 B.R. 754 (Bankr.M.D.Fl.2001)(conversion of Chapter 13 to a case under Chapter 7); *In re Mims*, 249 B.R. 378 (Bankr.D.N.J.2000)(reconversion of Chapter 13 case to Chapter 7); *In re Wolf*, 244 B.R. 754 (Bankr.E.D.Mich.2000)(conversion of Chapter 11 case to a case under Chapter 7); *In re Havanec*, 175 B.R. 920 (Bankr.N.D.Ohio 1994) (conversion of a case under Chapter 11 to a case under Chapter 7). *Weissman v. Carr (In re Weissman)*, 173 B.R. 235 (M.D.Fl.1994)(affirming decision of bankruptcy court permitting Chapter 7 trustee to object to exemptions following conversion of Chapter 13 to Chapter 7); *In re de Kleinman*, 172 B.R. 764 (Bankr.S.D.N.Y.1994)(conversion of case under Chapter 11 to Chapter 7); *In re Bergen*, 163 B.R. 377 (Bankr.M.D.Fl.1994)(conversion of case under Chapter 11 to case under Chapter 7); *In re Jenkins*, 162 B.R. 579 (Bankr.M.D.Fl.1993) (conversion of case under Chapter 13 to Chapter 7); and *LaRossa v. Leydet*, 150 B.R. 641 (Bankr.E.D.Va.1993)(conversion of Chapter 11 case to case under Chapter 7).

reasonable time after the order for relief in a bankruptcy case, the United States trustee must convene and preside at a meeting of creditors. 11 U.S.C. § 341(a); see also Fed. R. Bankr.P. § 2003(a) (establishing time limits). Thus, when a case brought under Chapter 11 is converted to a Chapter 7 proceeding, a new meeting of creditors is convened. This new meeting is not a continuation of the creditors meeting in the pre-conversion case, but is a separate meeting for which a new trustee must be selected. *F & M Marquette Nat'l Bank v. Richards,* 780 F.2d 24, 25 (8th Cir.1985) (citing 11 U.S.C. § 348(e)). Federal Rule of Bankruptcy Procedure 4003(b) provides that the "trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a)...." Thus, read together, the provisions establish that a second objections period begins following the post-conversion creditors meeting.

This result makes sense. *Bell v. Bell (In re Bell),* 225 F.3d 203, 223 (2nd Cir.2000) (Moran, J., dissenting). The Court finds this reasoning compelling and holds that a Chapter 7 trustee is vested with the right to object to exemptions post-conversion.

Reaching the opposite conclusion are those courts that interpret the language of 11 U.S.C. § 348(a) ("Conversion of a case from a case under one chapter of this title to a case under another chapter of this title......does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.") and Fed. R. Bankr.P. 1019(2), (which provides that upon conversion, "a new time period for filing claims, a complaint objecting to discharge, or a complaint to obtain a determination of dischargeability of any debt shall commence..."), so as to bar a second time period for objecting to exemptions.[6] The findings of these courts rely on a principle of statutory construction known as *"expressio unius est exclusio alteriu".* This principle states that the enumeration of one or more exceptions to a rule implies an intention to exclude any other exceptions. Based on this maxim, these courts construe the language contained in § 348(a) and Fed. R. Bankr.P. 1019(b) to mean that there is no new filing period for objections to exemptions.

The flaws in the statutory construction analysis have been fully examined in numerous cases. The best dissection of this analysis is made by the court in *In re Wolf,* where it stated:

> The cited *expressio unius* maxim is not universal, but of limited, use and application. It is an aid to construction, not a rule of law. It is not conclusive, is applicable only under certain conditions, is subject to exceptions, may not be used to create an ambiguity, requires great caution in its application ... [and] is applied only to assist in arriving at the real intention of the lawmakers, where such is not manifest. It may not be

**6.** *See Smith v. Kennedy (In re Smith),* 235 F.3d 472 (9th Cir.2000)(conversion of case under Chapter 11 to a case under Chapter 7); *Bell v. Bell (In re Bell),* 225 F.3d 203 (2nd Cir.2000)(conversion of Chapter 11 case to a case under Chapter 7); *In re Rogers,* 278 B.R. 201 (Bankr.D.Nev.2002)(conversion of Chapter 13 to Chapter 7); *DiBraccio v. Ferretti (In re Ferretti),* 230 B.R. 883 (Bankr.S.D.Fl.1999)(conversion of Chapter 13 case to Chapter 7); *In re Page,* 240 B.R. 548 (Bankr.W.D.Mich.1999)(conversion of Chapter 13 to Chapter 11); and *In re Brown,* 178 B.R. 722 (Bankr.W.D.Tenn.1995)(conversion of Chapter 11 to Chapter 7).

used to defeat or override clear and contrary evidences of legislative intent. *In re Wolf,* 244 B.R. 754, 756 (Bankr.E.D.Mich.2000)(quoting 73 Am. Jur.2d *Statutes* §§ 212 at 405–06 (1974)) (citations and footnotes omitted).

This Court also agrees with the court in *In re Havanec,* 175 B.R. 920 (Bankr. N.D.Ohio 1994). The *Havanec* court found that no conclusions could be drawn from the omission of any reference to objection to exemptions in Fed. R. Bankr.P. 1019(2). The court stated "the draftsmen of Rule 1019(2) might well have concluded that the language of Rule 4003(b) was sufficiently clear to assure that the trustee could object to claims following the conclusion of the chapter 7 creditors meeting after the case had been converted." *In re Havanec,* 175 B.R. at 924; *See also In re de Kleinman,* 172 B.R. 764, 770 (Bankr.S.D.N.Y.1994)(Recognizing that the rulemakers drafted the rules with knowledge of the distinction between "meeting of creditors" and "first meeting of creditors" by the express language contained in Fed. R. Bankr.P. 3002(c), 3004, 4004(a), and 4007(a)).

The cases that apply rules of statutory construction to conclude that a Chapter 7 trustee does not retain the right to object to exemptions after conversion, distort and confuse the plain language of §§ 348 and 341. Many of these cases were fact driven. *See In re Ferretti,* 230 B.R. 883 (Bankr.S.D.Fla.1999)(Objection to exemption issue fully litigated by the Chapter 13 trustee prior to the conversion of the case to Chapter 7.). Unique facts do not justify ignoring the plain language of the Code. The Court rejects such reasoning and the line of cases that deny a Chapter 7 trustee the right to object to exemptions post-conversion.

Additional grounds exist for the Court to find that a Chapter 7 trustee may object to a debtor's exemptions post-conversion. The statutory duties imposed on a Chapter 7 trustee require that the Chapter 7 trustee be able to object to a debtor's exemptions post-conversion. *See In re Lang,* 276 B.R. 716, 720 (Bankr.S.D.Fl.2002)(commenting that the duties of a Chapter 7 trustee require objection to exemptions post-conversion).

Under the Bankruptcy Code, different duties exist for a Chapter 7 trustee and a Chapter 13 trustee. The statutory duties of a Chapter 7 trustee are set forth in 11 U.S.C. § 704. These duties include:

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

11 U.S.C. § 704.

The statutory duties of a Chapter 13 trustee are set forth in 11 U.S.C. § 1302. The duties include:

(1) perform the duties specified in sections 704(2), 704(3), 704(4), 704(5), 704(6), 704(7), and 704(9) of this title;

(2) appear and be heard at any hearing that concerns—

(A) the value of property subject to a lien;

(B) confirmation of a plan; or

(C) modification of the plan after confirmation;

11 U.S.C. § 1302(b).

Noticeably absent from the duties of a Chapter 13 trustee is the first and primary duty of a Chapter 7 trustee to "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(1); *See also Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 352, 105 S.Ct. 1986, 1993, 85 L.Ed.2d 372 (1985)(Observing chapter 7 trustee's "duty to maximize the value of the estate."). As "the representative of the estate", the Chapter 7 trustee is vested with the duty to liquidate assets and distribute those assets for the benefit of creditors. The amount available to distribute to creditors is entirely dependent on a debtor's exemptions. A Chapter 7 trustee cannot fully perform his duty unless he analyzes the accuracy of the exemptions and files an objection to those which reduce the amount to be distributed to creditors. In comparison, a Chapter 13 trustee oversees the administration of Chapter 13 plans, which includes payments to creditors. The primary focus of the Chapter 13 trustee relates to issues involving confirmation—that is feasibility. In a Chapter 13, a debtor's exemptions are rarely an issue because the debtor's property is not being liquidated. The Chapter 13 trustee seldom objects to exemptions because the exemptions have no impact on confirmation issues unless the liquidation analysis required under § 1325(a)(4) indicates that creditors would receive more in a Chapter 7 case. Chapter 13 trustees have neither the obligation nor the incentive to investigate the exemptions.

An interpretation of the Code that bars Chapter 7 trustees from objecting to exemptions after conversion, presumes that the Chapter 13 trustee conducts a thorough analysis of the debtor's exemptions in every case making a subsequent review unnecessary and inappropriate. This interpretation ignores the realities of the bankruptcy process and is inconsistent with the duties of Chapter 7 and Chapter 13 trustees.

The duty to maximize the distribution of liquidated assets rests with a Chapter 7 trustee. In order to fulfill this duty, a Chapter 7 trustee must have the ability to object to exemptions post-conversion. To prohibit the Chapter 7 trustee from having this right is to prevent the trustee from performing his statutory duty. The Court rejects this interpretation because it is contrary to the plain language of the Code and frustrates the fundamental role of a Chapter 7 trustee.

## IV

### *CONCLUSION*

For the reasons stated above, the Court finds that Chapter 7 Trustee's Objection is permitted pursuant to Fed. R. Bankr.P. 4003(b). A hearing on the substance of the Trustee's Objection is scheduled for December 21, 2004 at 9:00 a.m.